IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Emerson Correll, | No. CV-13-01380-PHX-SMM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The matter was referred to Magistrate Judge John Z Boyle for a Report and Recommendation ("R & R"). (Doc. 21.) On October 15, 2015, the Magistrate Judge filed a Report and Recommendation with this Court. (Doc. 37.) Immediately after the Magistrate Judge filed his R & R, Petitioner requested an extension of time to file his objection (Doc. 38), which the Court granted. (Doc. 40.) Petitioner then timely filed his objections to the R &R (Doc. 41), to which Defendants have replied (Doc. 42).

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). When reviewing a Magistrate Judge's R & R, this Court "shall make a de novo determination of those portions of the report . . . to

which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## DISCUSSION[1]

Having reviewed the R & R of the Magistrate Judge, the Court concludes that Petitioner's Petition for Writ of Habeas Corpus should be denied. The Court hereby incorporates and adopts the Magistrate Judge's R & R.

The Court will briefly address Petitioner's Objections. In his Petition for Writ of Habeas Corpus, Petitioner raised twenty-one (21) grounds for relief. (Doc. 6 at 2-3.) Now, Petitioner makes only two (2) specific Objections to the Magistrate Judge's findings, those dealing with the issues of double jeopardy and ineffective assistance of appellate counsel. (Doc. 41.) As to the other nineteen (19) claims, Petitioner states that,

> The claims not argued here, I fully include in my objection not to be dismissed as recommended. My not putting each claim in this objection argument is simply to covience [*sic*] the Court and in no way should be seen as conceding any part of the Habeas Petition to the Magistrate[']s recommendation.

(Id. at 2.)

The Court finds this general objection inadequate and not worthy of review. Under Federal Rule of Civil Procedure 72, the district judge must review *de novo* those portions of the R & R that have been "properly objected to." Fed.R.Civ.P. 72 (b). A proper objection requires "*specific written objections* to the proposed findings and recommendations." Id. (emphasis added); see 28 U.S.C. § 636(b)(1). One purpose of this requirement is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties. See Thomas v. Arn, 474 U.S. 140, 149 (1985). Because *de novo* review of an entire R & R would defeat the efficiencies intended by Congress, a

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Dkt. 279).

- 2 -

general objection "has the same effect as would a failure to object." <u>Warling v. Ryan</u>, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting <u>Howard v. Sec'y of Health & Human Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991)). As a result, the Court has no obligation to review Petitioner's general objection to the R & R. <u>See</u> Thomas, 474 U.S. at 149 (no review is required for "any issue that is not the subject of an objection.").

The Court will now turn to Petitioner's specific objections. Petitioner first objects to the Magistrate Judge's findings regarding his complaint that his right to be free from double jeopardy was violated when the state court ordered he serve consecutive sentences on Counts 1, 2, and 3. The Arizona Court of Appeals determined that Petitioner's original sentences, under state law, were not designated as concurrent sentences. <u>State v. Correll</u>, No. 1 CA-CR 11-0188, 2011 WL 6747411, at *3 (Ariz. Ct. App. Dec. 22, 2011). Petitioner adamantly argues to the contrary, asserting that the Court of Appeals judge misapplied Arizona sentencing laws. The Magistrate Judge found that "[f]ederal habeas relief is not available for alleged errors in the interpretation or application of state law, including statutes regarding imposition of sentences." (Doc. 37 at 16-17.) This Court agrees. Federal courts cannot provide relief from the misapplication or misinterpretation of state laws. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-8 (1991) (stating that "federal habeas corpus relief does not lie for errors of state law"); <u>see</u>, <u>e.g.</u>, <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th Cir. 1994).

Next, Petitioner objects to the Magistrate Judge's conclusion that he was not denied effective assistance of appellate counsel. Petitioner claims that appellate counsel was ineffective for failing discuss with him what he thought to be appealable issues, including prosecutorial misconduct and the right to confront/cross-examine the state's witness at sentencing. (Doc 1 at 28.) Petitioner also claims that appellate counsel did not thoroughly review the record as evidenced by her subsequently filing an Anders Brief because she found no appealable issues. (<u>Id.</u> at 28.) Both the Magistrate Judge and the Arizona Court of Appeals concluded that there was no prosecutorial misconduct and that

Petitioner did not possess the right to cross-examination at sentencing, meaning appellate counsel was not ineffective for failing to raise those issues on appeal. This Court agrees. Having reviewed the record, the Court concludes that these claims were meritless. Regardless of Petitioner's opinion on the matter, appellate counsel was not required to raise meritless claims on appeal. See Sexton v. Cozner, 679 F.3d 1150, 1157 (9th Cir. 2012) ("Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless." (citations omitted)). Therefore, the Court finds that Petitioner is not entitled to relief on this claim.

Having reviewed the legal conclusions of the R & R of the Magistrate Judge, and the objections having been made by Petitioner thereto, the Court finds that the Magistrate Judge adequately addressed all of Petitioner's arguments. Therefore, the Court hereby incorporates and adopts the Magistrate Judge's R & R.

**CONCLUSION**

Accordingly, for the reasons set forth,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge. (Doc. 37.)

**IT IS FURTHER ORDERED DENYING** Petitioner's Motion for Evidentiary Hearing. (Doc. 34.)

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED and DISMISSED WITH PREJUDICE**, terminating this case. The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because the dismissal was justified by

///
///
///

- 4 -

a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 10th day of February, 2016.

Honorable Stephen M. McNamee
Senior United States District Judge